```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :
WILLIAM EDWARDS,                                           :
                                                           :   MEMORANDUM AND ORDER
                              Plaintiff,                   :
                                                           :   13 Civ. 5016 (BMC)
            - against -                                    :
                                                           :
ALMA EDWARDS,                                              :
                                                           :
                              Defendant.                   :
------------------------------------------------------------ X
```

**COGAN,** District Judge.

Plaintiff William Edwards, who is currently incarcerated at Attica Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, and names his mother as the sole defendant. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's complaint alleges a myriad of physical and psychological abuses that he allegedly suffered at the hands of the defendant. Furthermore, plaintiff alleges that defendant withdrew five months' worth of his food stamps and cash from his E.B.T. card, without permission. Compl. at page 6 ¶ 16. Plaintiff seeks monetary damages for the "pain and suffering" and the "mental cruelty and abuse" that he endured. Id. at pages 6-7.

In order to maintain a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Academy v. Tennessee, 531 U.S. 288, 305-06 (2001); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Morris v. Katz, No. 11 CV 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, defendant is a private individual, and not a state actor for purposes of 42 U.S.C. § 1983. Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Whereas ordinarily the Court would allow plaintiff an opportunity to amend his

complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submissions that there is no possibility of a plausible § 1983 claim against this defendant. Therefore, leave to amend will not be granted. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
 September 16, 2013